UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-066 |
| | ) | |
| LARRY CHISOLM, *District Attorney*; | ) | |
| TODD MARTIN, *Public Defender*; | ) | |
| CNT OFFICER TYLER; and | ) | |
| OFFICERS OF THE COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Donald Bryant's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted Bryant leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) He has returned the two forms, so the case is ready to proceed. (Docs. 6 & 7.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against

governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Bryant, following a recent pattern of cases from his jail, seeks to enjoin what he characterizes as a bad faith criminal prosecution in state court. (Doc. 1 at 1.) However, "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state prosecution unless: (1) there is a "great and immediate" danger of

irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, Bryant alleges that the defendants have violated his rights in several ways during his ongoing state court criminal proceedings. He ultimately concludes that they "have not only conspired to [but actually] violated his 5th, 6th, 8th, and 14th Amendment [rights] to Life, Liberty and Property." (Doc. 1 at 8.) In an attempt to invoke the *Younger* exception, he notes that they have done so "in bad faith and for purposes of harassment, pressing charges against [him] that they know cannot form the basis for a proper conviction." (*Id.* at 9.) His complaint, however, consists of unparticularized, conclusory allegations that various constitutional provisions were offended by the named defendants.[1]

---

[1] For instance, Bryant states that Agent Tyler "manipulate[d] the system, which was cruel and unusual punishment" under the Eighth Amendment. (Doc. 1 at 6.) Apparently Tyler has obtained several warrants and offered several different, sometimes unrelated charges against Bryant. (*Id.* at 3-6.) His attorneys have supposedly subjected him to Fifth and Sixth Amendment violations and have limited

3

Nowhere does he offer "a 'substantial allegation' showing actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (footnote omitted). "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Nor do any of the other exceptions to the *Younger* doctrine apply in this case.

Instead of running to federal court, Bryant should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.")

---

his access to the courts. (*Id.* at 5-6.) He speculates that there may have been a Fourth Amendment violation, as well, and states that he would know if the prosecution would hand over all relevant discovery. (*Id.* at 6.) In sum, he believes it is obvious that the district attorney, his public defender, and the state court have conspired to deprive him of his rights.

4

For that matter, to the extent Bryant seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson*, 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But before seeking federal habeas relief he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but

---

[2] Bryant does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Bryant's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

For the reasons explained above, plaintiff Donald Bryant's complaint (doc. 1) should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment.

**SO REPORTED AND RECOMMENDED** this 2nd day of May, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA